UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNDRA H. MARTIN** | **CIVIL ACTION** |
| **versus** | **NO. 13-4854** |
| **N. BURL CAIN** | **SECTION: "I" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Undra H. Martin, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 27, 2009, he was convicted of second degree murder under Louisiana law.[1] On September 15, 2009, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On September 10, 2010, the

---

[1] State Rec., Vol. I of II, transcript of August 27, 2009, p. 51; State Rec., Vol. I of II, jury verdict form.

[2] State Rec., Vol. I of II, transcript of September 15, 2009, p. 15.

Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on March 4, 2011.[4]

On August 10, 2012, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on August 20, 2012.[6] His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on November 19, 2012,[7] and by the Louisiana Supreme Court on May 17, 2013.[8]

While those post-conviction proceedings were ongoing, petitioner also filed a "Motion to Quash."[9] It is unclear whether a ruling was ever issued with respect to that motion.

---

[3] State v. Martin, No. 2010 KA 0101, 2010 WL 3527209 (La. App. 1st Cir. Sept. 10, 2010); State Rec., Vol. II of II.

[4] State v. Martin, 58 So.3d 469 (La. 2011) (No. 2010-KO-2315); State Rec., Vol. II of II.

[5] State Rec., Vol. I of II. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty with respect to petitioner's undated state post-conviction application. However, the application was file-stamped by the clerk of court on August 10, 2012, and petitioner states in his federal petition that the state application was filed on that date. Rec. Doc. 1, p. 9. Even if the application was actually placed in the mail a few days earlier, it would not change the result herein, in that it clearly was not filed within one year of the date petitioner's conviction became final.

[6] State Rec., Vol. I of II.

[7] State v. Martin, No. 2012 KW 1582 (La. App. 1st Cir. Nov. 19, 2012); State Rec., Vol. II of II.

[8] State *ex rel.* Martin v. State, No. 2012-KH-2672, 2013 WL 3497665 (La. 2013); State Rec., Vol. II of II.

[9] State Rec., Vol. I of II. That motion is undated, but it was apparently submitted to the Court in September of 2012.

On or after June 13, 2013, petitioner filed the instant federal application for *habeas corpus* relief.[10] The state argues that the application is untimely.[11] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As previously noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on March 4, 2011. Accordingly, for AEDPA purposes, his state

---

[10] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). The record does not reflect when that occurred in this case; however, petitioner signed the application on June 13, 2013, and so it could not have been delivered to prison authorities prior to that date.

[11] Rec. Doc. 8.

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

criminal judgment became final, and his federal limitations period therefore commenced, on June 2, 2011. That limitations period then expired one year later on June 4, 2012,[13] unless the deadline was extended through tolling.

    The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[14]

---

[13] Because June 2, 2012, fell on a Saturday, the federal limitations period was extended through the following Monday, June 4, 2012. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[14] Out of an abundance of caution, the Court notes that petitioner did request copies of transcripts and other documents during that period of time, see, e.g., Rec. Doc. 1, pp. 24-29 and 35-39; however, such filings are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).
  The Court also notes that petitioner subsequently filed his state post-conviction application on August 10, 2012, and his "Motion to Quash" sometime thereafter. However, at that point, the federal limitations period had already expired, and it is clear that applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 4, 2012, in order to be timely. Because his federal application was not filed until on or after June 13, 2013, it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Undra H. Martin be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

       New Orleans, Louisiana, this thirtieth day of July, 2013.

                                        */s/ Daniel E. Knowles, III*
                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[15] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.